BRUNING v. WALMSLEY ET AL.

———

(January 27, 1930.   Opinion and Decree.)
(February 17, 1930.   Rehearing Refused.)

———

Theo. Cotonio, of New Orleans, attorney for plaintiff, appellant.

T. Semmes Walmsley, of New Orleans, attorney for Carroll B. Walmsley, defendant, appellee.

Thatcher, Browne, Porteous & Myers, of Shreveport, and Wm. A. Porteous, Jr., of New Orleans, attorneys for appellee Fidelity & Casualty Co. of N. Y.

JANVIER, J.   Plaintiff, Bruning, having disposed of his residence, employed defendant Walmsley as auctioneer to sell certain household furniture contained therein.

Walmsley caused the sale to be advertised, and, upon offering the articles, obtained bidders therefor.

Bruning now complains that he has not been able to obtain from Walmsley a statement of account, nor a settlement for such balance as may be due.

Walmsley's defense is that he has several times rendered to Bruning an accounting, but that Bruning is not satisfied therewith, mainly because several of the articles bid in by purchasers were neither paid for nor removed. It is now contended that, as Walmsley did not exact deposits from these purchasers, he is liable for the respective amounts bid therefor.

We are quite well convinced that bids totaling $722.75 were received, and that of this sum $419.75 was not paid in by the bidders. The articles which were not paid for were not removed by the bidders and are now in the possession of plaintiff, Bruning, in a warehouse owned by him, and a key of which apparently is in the possession of Walmsley.

It thus appears that the cash actually collected amounted to $303.00.

As expenses, Walmsley has deducted the following:

| | |
|---|---|
| Auctioneer's commission | $67.07 |
| Charity Hospital fee | 3.35 |
| Advertisements | 75.00 |
| Sign | 3.58 |
| Drayage to warehouse | 8.00 |
| | $157.00 |

Walmsley is entitled to commission only on such articles as were actually sold, paid for, and delivered. Pierre Larroux vs. Heirs of Jean Larroux et al., No. 11620 of the docket of this court, decided January 13, 1930, 125 So. —. Assuming for the moment that a commission of 10 per cent is reasonable, it will be seen that he is entitled to a commission of $30.30.

The hospital fee should be paid only on the actual amount of the consummated sales. This, at one-half of 1 per cent, amounts to $1.52.

Walmsley admits that about one-fifteenth of the furniture sold and of that hauled to the warehouse did not belong to Bruning, but was put into the residence to make it seem full and to attract buyers. Bruning should not be charged, therefore, more than fourteen-fifteenths of the expenses of advertising, of preparing the sign, and of the drayage.

Thus Bruning should be charged on these items as follows: Advertising, $70.00; sign, $3.36; drayage, $7.46. It appears, then, that Bruning's total share of the expenses amounts to $112.64, which should be deducted from $303, the total amount of sales. This leaves a balance due him amounting to $190.36 and for which he should have judgment.

We do not feel that Bruning's contention, that the auctioneer's commission is limited by law to 5 per cent, is well founded. There is nothing in the law limiting an auctioneer's commission at a conventional sale, and on a small sum of this kind 10 per cent does not seem to be excessive. The auctioneer was required to list all of the articles, to prepare the advertisement, to order the sign, and the sale itself probably required almost the entire day of himself, his clerk, and his bookkeeper. He could hardly be expected to do all this for so small a commission as $15.02, which is

what he would be entitled to if plaintiff is correct.

Nor do we believe that Walmsley, by not exacting deposits, made himself liable for the amounts of the respective bids. It is well established in the evidence that the custom at these conventional sales of movables is for the auctioneer to exercise his discretion in the exacting of deposits, and in following this custom he was within his rights, unless it can be shown that he clearly abused that discretion, and on this point the evidence convinces us that the discretion was properly exercised.

There is nothing in the evidence to show conclusively that he was instructed to exact a deposit in each case, and it therefore follows that the advertisement, which, as a matter of fact, did contain the words, "Terms: cash. Deposit required," was nothing more than a compliance with the usual custom to insert such a requirement in the advertisement, but not to strictly enforce it.

We therefore feel that the judgment allowing Bruning $146.05 was slightly inadequate and should be increased.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, amended by increasing the amount thereof to $190.30, and, as thus amended, affirmed, all at the cost of defendant.